UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NANCY M.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS**<br><br>Case No. 2:20-cv-00347-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Nancy M.[1] filed this action asking the court to reverse and remand the Acting Commissioner of the Social Security Administration's ("Commissioner") decision denying her claim for disability insurance benefits and supplemental security income. (*See* Opening Br. 14, Doc. No. 25.) The Administrative Law Judge ("ALJ") determined Ms. M. did not qualify as disabled. (Certified Tr. of Admin. R. ("Tr.") 21, 30, Doc. Nos. 18–22.) After careful review of the record and the parties' briefs,[2] the court[3] REVERSES the Commissioner's decision and REMANDS for further consideration. As discussed below, the ALJ failed to provide adequate reasons under the treating-physician rule for discounting Dr. Kent Smith's opinion.

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in Social Security cases, the court refers to the Plaintiff by her first name and last initial only.

[2] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the appeal will be determined on the basis of the written memoranda, as oral argument is unnecessary.

[3] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 11.)

## STANDARD OF REVIEW

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of a final decision of the Commissioner of the Social Security Administration. This court reviews the ALJ's decision to determine whether the record contains substantial evidence in support of the ALJ's factual findings and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Although the court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

The ALJ's factual findings will stand if supported by substantial evidence. 42 U.S.C. § 405(g). The substantial evidence standard "requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "A decision is not based on substantial evidence if it is overwhelmed by other evidence or if there is a mere scintilla of evidence supporting it." *Id*. Rather than mechanically accepting the ALJ's findings, the court will "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [ALJ's] decision and, on that basis, determine if the substantiality of the evidence test has been met." *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084.

In addition, the court reviews whether the ALJ applied the correct legal standards. The court may reverse where the ALJ fails to do so. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) ("[T]he failure to apply proper legal standards may, under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis."); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("[I]f the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."). Grounds for reversal also arise where the ALJ fails "to provide this court with a sufficient basis to determine that appropriate legal principals have been followed[.]" *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## APPLICABLE LAW

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Social Security Act, an individual is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

In determining whether a claimant qualifies as disabled within the meaning of the Social Security Act, the ALJ employs a five-step sequential evaluation. The analysis requires the ALJ to consider whether:

1) The claimant presently engages in substantial gainful activity;

2) The claimant has a medically severe physical or mental impairment;

3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which precludes substantial gainful activity;

4) The claimant possesses a residual functional capacity to perform his or her past work; and

5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See* 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden, in the first four steps, of establishing a disability that prevents him or her from engaging in prior work activity. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work existing in the national economy. *Id.*

## PROCEDURAL HISTORY

Ms. M. alleges disability based on the severe impairments of cervical and lumbar degenerative disc disease, right hip trochanteric bursitis, and nerve root sleeve cysts. (Tr. 22, 940.) She filed an application for disability insurance benefits and supplemental security income on November 18, 2016, alleging disability beginning January 27, 2016. (*Id.* at 20.) Ms. M.'s claims were initially denied on January 4, 2017, and denied again upon reconsideration, on November 9, 2017. (*Id.*) Ms. M. requested a hearing before an ALJ, which was held on March 8, 2019. (*Id.* at 39.)

On April 26, 2019, the ALJ issued a written decision denying Ms. M.'s claim. (*Id.* at 20–31.) At step two of the sequential evaluation, the ALJ found Ms. M. had the severe impairments of mild cervical degenerative disc disease, mild lumbar disc disease, and right hip trochanteric

bursitis. (*Id.* at 22.) At step three, the ALJ concluded none of Ms. M.'s impairments or combinations of impairments met the severity of the listed impairments. (*Id.* at 24.) At step four, the ALJ determined Ms. M. had a residual functioning capacity to perform "light work," with the exception of performing all postural activities up to two-thirds of an eight-hour workday. (*Id.* at 25.) Even considering this limitation, the ALJ found Ms. M. could perform her past relevant work as a cashier/stocker, with a few additional postural limitations. (*Id.* at 30.) Accordingly, the ALJ concluded Ms. M. was not disabled. (*Id.*)

The Appeals Council denied Ms. M.'s request for review on April 9, 2020, (*id.* at 1–3), making the ALJ's decision final for purposes of judicial review. *See* 20 C.F.R. § 404.981.

## ANALYSIS

Ms. M. makes one argument in her challenge to the ALJ's decision. She argues the ALJ wholly failed to provide specific and legitimate reasons for declining to following the treating-physician rule when assessing the opinion of Dr. Kent Smith. (Opening Br. 10, Doc. No. 25.) Ms. M. contends this error was compounded by the ALJ's cursory analysis of Dr. Smith's treatment records and his failure to account for medical evidence in Ms. M.'s favor. (*Id.*) In response, the Commissioner maintains the ALJ thoroughly discussed the objective medical findings and explained his reasons for discounting Dr. Smith's opinion. (Answer Br. 1, Doc. No. 28.) The Commissioner argues it was reasonable for the ALJ to find Dr. Smith's opinion inconsistent with the record. (*Id.* at 8.) However, the Commissioner does not assert the ALJ properly followed the treating-physician rule with regard to Dr. Smith; instead, she focuses only on whether substantial evidence supported the ALJ's findings. (*Id.* at 9.)

Under the treating-physician rule, the ALJ must give a treating physician's medical opinion "controlling weight" if it is "well-supported by medically acceptable clinical and

5

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."[4] 20 C.F.R. §§ 416.927(c)(2), 404.1527(c)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If the ALJ finds the treating physician's opinion unsupported by medically acceptable clinical and laboratory diagnostic techniques, the inquiry regarding controlling weight ends. *Watkins*, 350 F.3d at 1300. While an express finding with respect to this first question was once considered mandatory, the Tenth Circuit has since declined to remand where it could determine from the decision that the ALJ "implicitly declined to give the opinion controlling weight." *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014).

But even if a treating physician opinion is not given controlling weight under the first step, it is entitled to deference. *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). This is a two-phase inquiry, and each step is analytically distinct. (*Id.*) In this second phase, the ALJ must decide what level of deference to give the treating physician's opinion using the factors in 20 C.F.R. § 416.927(c) and § 414.1527(c)(2). These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1301. The ALJ's decision need not "apply expressly each of the six relevant factors in deciding what weight to give a medical opinion." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). However, the ALJ must "give good reasons" for the weight

---

[4] The Social Security Administration revised its rule regarding the evaluation of treating physician opinions for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Eval. of Med. Evid., 82 FR 5844-01 at *5844–45. Ms. M. filed her application on November 18, 2016, (Tr. 15), so the court applies the rules and regulations in place before the March 27, 2017 rule change. *See* 20 C.F.R. §§ 416.927, 404.1527.

6

assigned to the treating physician's opinion. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003); *see also* 20 C.F.R. §§ 416.927(c)(2), 404.1527(c)(2). These "good reasons" must be "tied to the factors" in the regulation. *Krauser*, 638 F.3d at 1330. "If this is not done, a remand is required." *Id.* The court may not supply possible reasons for giving less weight to or rejecting the treating physician's opinion but may only evaluate the ALJ's decision on its stated reasons. *Robinson v. Barnhart*, 366 F.3d 1078, 1084–85 (10th Cir. 2004).

Dr. Smith, the treating physician at issue, opined Ms. M. was limited to sitting for two hours and standing or walking for two hours in an eight-hour workday. (Tr. 433.) He indicated she would need a break of ten minutes every two hours or less. (*Id.*) In Dr. Smith's opinion, Ms. M.'s symptoms were so severe as to frequently interfere with the attention and concentration needed for simple work-related tasks. (*Id.*) And Dr. Smith opined Ms. M.'s impairments would likely mandate her absence from work more than four times per month. (*Id.* at 434.) Ms. M. contends the limitations outlined by Dr. Smith, if accepted, would rule out competitive employment, according to the testimony of the vocational expert. (Opening Br. 12, Doc. No. 25 (citing vocational expert testimony at Tr. 76–77).)

Ms. M. is correct in her contention that the ALJ failed to adequately explain his justification for giving Dr. Smith's opinion little weight. The ALJ's sole explanation for this decision was that Dr. Smith's opinion "is inconsistent with the medical evidence of record." (Tr. 28.) The ALJ then cited to a full 271 pages of records with which Dr. Smith's opinion was supposedly inconsistent. (*Id.* (citing Tr. 381–431, 548–83, 1262–359, 1464–549).) Finally, the ALJ gave exactly three examples of inconsistency from these hundreds of pages: (1) that Ms. M. was alert, oriented, cooperative, and not in acute distress, (2) that Ms. M.'s strength, gait, and deep tendon reflexes were normal during one particular visit in March 2016, and (3) that Ms.

M.'s hip MRI was normal and had no discrete tears or signs of labral injury at another visit in May 2017. (*Id.*)

As this summary demonstrates, the ALJ addressed only phase one of the treating-physician analysis by concluding Dr. Smith's opinion was inconsistent with the record. He did not proceed to phase two. And the Commissioner did not address phase two either. The Commissioner's brief is devoted in large part to showing substantial evidence supports the ALJ's finding that Dr. Smith's opinion was inconsistent with the record.[5] (*See* Answer Br. 8, Doc. No. 28.) In this way, the Commissioner mounts a defense to the ALJ's determination under phase one of the treating-physician analysis. But nowhere in her brief does the Commissioner argue the ALJ proceeded to phase two, let alone that he appropriately analyzed the phase-two factors, as he was required to do.

Where the ALJ did not proceed to phase two of the treating-physician analysis, his justification is legally flawed. The explanation the ALJ provided regarding the inconsistency of Dr. Smith's opinion with the record as a whole might be enough to establish the opinion was not entitled to controlling weight. But the ALJ treated this as if it were the end of the analysis. It is not. The ALJ was then required to explain how he chose to weigh Dr. Smith's opinion in light of the regulatory factors. Although the ALJ did not need to address every factor at phase two, he needed to make some distinct step-two findings to support the weight he assigned to Dr. Smith's opinion. Instead, he concluded Dr. Smith's opinion was entitled to little weight without addressing a single factor in 20 C.F.R. § 416.927(c) and § 404.1527(c). Indeed, although the

---

[5] The Commissioner also defended the ALJ's treatment of other medical opinions, even though Ms. M.'s argument was limited to the ALJ's approach to Dr. Smith.

ALJ cited generally to 20 C.F.R. § 416.927, (*see* Tr. 25), it is not clear whether the ALJ recognized the treating-physical rule applies in this case.

It is legal error for the ALJ to simply stop after the first phase of the inquiry. *See Krauser*, 638 F.3d at 1330–31. And the ALJ's blanket reference to 271 pages of treatment records does nothing to correct this error. This sweeping and cursory reference is insufficient to explain the reasons for assigning little weight to Dr. Smith's opinion, including the degree to which evidence supports Dr. Smith's opinion or the consistency between his opinion and the record as a whole. *See Watkins*, 350 F.3d at 1301 (outlining the phase two factors). Dr. Smith's name appears in the records hundreds of times, and the record contains numerous treatment records from Dr. Smith—hundreds of pages worth. It appears Dr. Smith treated Ms. M. from at least 2015, (*see* Tr. 486), through 2017, (*see id.* at 872). Yet nowhere does the ALJ refer to the length, nature, or extent of the treatment relationship or the frequency or types of examinations performed—other factors considered in determining the level of deference to give the treating physician's opinion. *See Watkins*, 350 F.3d at 1301. While the ALJ's analysis need not be an example of technical perfection, his decision must contain some distinct phase-two findings and the court must be able to follow his reasoning. The ALJ's decision fails on both counts. The ALJ's reasons for the weight he assigned to Dr. Smith's opinion are not sufficiently specific to be clear to subsequent reviewers. *See Langley*, 373 F.3d at 1119.

Because it is not apparent from the decision whether the ALJ applied the correct standards in deciding to give Dr. Smith's opinion little weight, the court remands this case for further consideration.

## CONCLUSION

For the reasons set forth above, the court REVERSES the Commissioner's decision and REMANDS the case for further proceedings consistent with this order.

DATED this 19th day of August, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge